# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY SMITH, | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | ) **JURY TRIAL** |
| | ) |
| Defendant | ) |

## COMPLAINT

LARRY SMITH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Clark Summit, Pennsylvania 18411.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for more than one (1) year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in December 2014, and continuing through August 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous

basis, at times calling nine (9) to ten (10) times a day.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

15. Defendant's automated messages identified "Fingerhut, as the caller.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Although Plaintiff had an account with Defendant, he revoked consent for Defendant to call his cellular telephone in mid-December 2014.

18. Specifically, in mid-December 2014, Plaintiff told Defendant to stop calling him, revoking any consent previously given to Defendant to place calls to his cellular telephone number.

19. Defendant heard and acknowledged Plaintiff's revocation of consent, as well as, his demand to stop calling his cellular telephone number.

20. Nevertheless, Defendant persisted in calling Plaintiff on his cellular telephone.

21. On one occasion, in which Defendant was unable to secure payment, one of Defendant's male collectors, frustrated and hostile, used profane and defamatory insults directed towards Plaintiff.

22. Most recently, Defendant contacted Plaintiff on September 7, 2015.

23. Upon information and belief, Defendant conducts its business in a manner that violates the TCPA.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

### COUNT I

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, particularly in mid-December 2014, as Plaintiff revoked any previous consent given to call his cellular telephone.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LARRY SMITH, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LARRY SMITH, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 09-10-15   By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com